JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

cc: order, docket, remand letter to Ventura County Superior Court No. 56-02011-00401606-CU-WT-VTA

**CIVIL MINUTES - GENERAL**

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

| | |
|---|---|
| **CASE NO.:** CV 11-07965 SJO (MRWx) | **DATE:** October 31, 2011 |
| **TITLE:** Alexis Merricks-Barragan v. Maidenform, Inc. | |

========================================================================

**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz
Courtroom Clerk

Not Present
Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**

Not Present

**COUNSEL PRESENT FOR DEFENDANT:**

Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER REMANDING TO STATE COURT** [Docket No. 1]

On September 26, 2011, Defendant Maidenform, Inc. ("Defendant") removed this action from Ventura County Superior Court. (Notice of Removal ("Notice"), Docket No. 1.) Plaintiff Alexis Merricks-Barragan ("Plaintiff") filed her Complaint in state court on August 4, 2011. (Notice Ex. A ("Compl.").) For the following reasons, the Court **REMANDS** this action to Ventura County Superior Court.

I.   PROCEDURAL AND FACTUAL BACKGROUND

The Complaint sets forth the following allegations. On August 27, 2007, Defendant hired Plaintiff has a part-time supervisor at its Camarillo outlet store. (Compl. ¶ 5.) Four months later, Defendant promoted Plaintiff to assistant store manager. (Compl. ¶ 5.) As an assistant store manager, Plaintiff was paid an hourly rate. (Compl. ¶ 5.) In February 2010, Plaintiff learned that she was pregnant and informed Defendant of her pregnancy. (Compl. ¶ 6.) In late February, Plaintiff advised Defendant that she intended to take maternity leave in or around August 2010 for approximately two months. (Compl. ¶ 7.)

On March 1, 2010, Plaintiff sustained injuries to her neck and back during a work-related accident. (Compl. ¶ 8.) On March 8, 2010, Plaintiff filed a claim with Defendant's insurer for worker's compensation benefits. (Compl. ¶ 9.) Plaintiff's injuries left her with a physical disability. (Compl. ¶ 9.) Due to Plaintiff's disability, Plaintiff's physician advised her that she could only perform "light duty" work. (Compl. ¶ 9.) When Plaintiff returned to work, Defendant advised her that it could not accommodate her request for light duty work and directed her to leave work. (Compl. ¶ 10.) On June 6, 2010, Defendant sent a letter to Plaintiff indicating that her employment was terminated as of May 19, 2010. (Compl. ¶ 12.) Defendant's letter did not provide a reason for its termination decision. (Compl. ¶ 12.)

As a result of Plaintiff's termination, Plaintiff suffered financial loss, including: loss of salary and benefits, loss of future earnings potential and wages, and intangible loss of employment-related

Case 2:11-cv-07965-SJO -MRW Document 15 Filed 10/31/11 Page 2 of 4 Page ID #:131

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: CV 11-07965 SJO (MRWx)        DATE: October 31, 2011

opportunities for growth in her field and damage to her professional reputation. (Compl. ¶ 14.) Additionally, Plaintiff suffered and continues to suffer anxiety, embarrassment, humiliation, mental anguish, and emotional distress. (Compl. ¶ 15.)

The Complaint states the following causes of action: (1) failure to engage in interactive process; (2) failure to accommodate disability; (3) pregnancy discrimination; (5) retaliation; (6) California Family Rights Act retaliation based on California Government Code section 12945.2(l); (7) Family Medical Leave Act ("FMLA") interference pursuant to 29 U.S.C. § 2615(a)(1) and 29 C.F.R. § 825.220(a)(1); (8) FMLA retaliation pursuant to 29 U.S.C. § 2615(a)(2); and (9) wrongful termination in violation of California public policy. (*See generally* Compl.) The Complaint does not state any numerical figure regarding the amount of damages sought. (Notice ¶ 10.) On September 26, 2011, Defendant removed the action to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a) and 1441(a). (Notice 1.)

II.    DISCUSSION

An action may be removed by the defendant to federal court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1441 (2006). Diversity jurisdiction requires complete diversity between all plaintiffs and all defendants where the amount in controversy exceeds $75,000. *Id.* § 1332(a) (2006).

    A.    *Sua Sponte* Challenge to Subject Matter Jurisdiction

The Court raises the issue of subject matter jurisdiction *sua sponte*. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the district court is mandated to remand the case. *See id.* § 1447(c) (2006). The Ninth Circuit has held that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). As such, the Court finds it appropriate to determine whether jurisdiction exists.

    B.    Complete Diversity

Plaintiff is an individual residing in Oxnard, California. (Compl. ¶ 1.) A person is a "citizen" of the state where he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's residence can be *prima facie* evidence of citizenship. *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

Defendant is a company incorporated in New York with its principal place of business and corporate control group located in New Jersey. (Notice ¶¶ 8, 9.) "A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Supreme Court held that 'the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, -- U.S. --, 130 S. Ct. 1181, 1186 (2010). Therefore, Defendant is a citizen of both New York and New Jersey. Because Plaintiff and Defendant are citizens of different states, complete diversity exists in this case.

**CASE NO.:** CV 11-07965 SJO (MRWx)     **DATE:** October 31, 2011

    C.    Amount in Controversy Requirement

The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal quotation marks omitted). For a removal based on diversity jurisdiction, the removing party has the burden of showing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *accord Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). The removing party "need[s] to provide evidence establishing that it is more likely than not that the amount in controversy exceeds that amount." *Valdez*, 372 F.3d at 1117 (internal quotation marks omitted). Courts may consider facts "presented in the removal petition as well as 'any summary-judgment-type evidence relevant to the amount in controversy at time of removal.'" *Matheson*, 319 F.3d at 1090 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

Here, it is not facially evident from the Complaint that more than $75,000 is in controversy. (*See generally* Compl.) Defendant contends that the amount in controversy meets the threshold requirement because Plaintiff seeks: (1) economic damages, including lost wages and benefits, and other compensatory damages (Notice ¶ 14(a)); (2) damages because she has suffered and continues to suffer anxiety, embarrassment, humiliation, mental anguish, and emotional distress (Notice ¶ 14(b)); (3) punitive damages (Notice ¶ 14(c)); and (4) attorneys' fees (Notice ¶ 14(d)).

Because no amount in controversy is alleged in the Complaint, Defendant carries the burden of proving by a preponderance of the evidence that more than $75,000 is in controversy. *See Matheson*, 319 F.3d at 1090. This Court has held that a preponderance of the evidence standard is not met when a defendant provides arbitrary calculations "based on many assumptions that leave the court to speculate as to the value of too may variables." *Dupre v. Gen. Motors*, No. 10-CV-00955, 2010 WL 3447082, at *4 (C.D. Cal. Aug. 27, 2010). In proving the amount in controversy, Defendant's "calculations [must be] good faith, reliable estimates based on the pleadings and other evidence in the record." *Ellis v. Pac. Bell Tel. Co.*, 2011 WL 499390, at *2 (C.D. Cal. Feb.10, 2011). The removing defendant must also "set[] forth . . . the *underlying facts* supporting its assertion that the amount in controversy exceeds [the statutory minimum]." *Gaus*, 980 F.2d at 567 (emphasis in original). Conservative estimates without a factual basis are "vague and conclusory" and do not satisfy the "more than likely" standard. *Keller v. Gaspari Nutrition, Inc.*, No. CV 10-09927, 2011 WL 837797, at *3 (C.D. Cal. Mar. 2, 2011).

Plaintiff does not provide her annual earnings before she was terminated, and the Complaint is devoid of monetary figures and general facts from which the Court could infer an amount in controversy. (*See generally* Compl.) The Court, therefore, examines if any "summary-judgment-

**CASE NO.:** <u>CV 11-07965 SJO (MRWx)</u>  **DATE:** <u>October 31, 2011</u>

type evidence," *Matheson*, 319 F.3d at 1090, exists to support proper removal. Defendant proffers a declaration stating that Plaintiff was paid an hourly rate ranging from $12.75 to $13.15. (Nanci Prado Decl. in Supp. of Def.'s Notice ("Prado Decl.") ¶ 3.) This evidence alone is insufficient. As stated in the Complaint, Plaintiff was a part-time employee. (Compl. ¶ 5.) Defendant does not provide any evidence regarding the number of hours Plaintiff worked per month or annually, even though that information is in Defendant's possession. (*See generally* Notice.) Defendant does not proffer any other evidence through affidavits, documentary evidence, or otherwise to indicate the amount Plaintiff lost in wages and benefits to support its contention that the amount in controversy exceeds $75,000. (*See generally* Notice.)

Defendant also contends that the calculation of the amount in controversy includes punitive damages, attorneys' fees, and damages for anxiety, embarrassment, humiliation, mental anguish, and emotional distress. (Notice ¶ 14(b)-(d).) Defendant argues that "Plaintiff's allegations satisfy the jurisdictional prerequisite for the amount in controversy as it cannot be said to a legal certainty that Plaintiff would not be entitled to recover the jurisdictional amount." (Notice ¶ 15.) Defendant mischaracterizes the legal standard. It is not sufficient to vest this Court with jurisdiction to say that an award over $75,000 is not impossible. Were this the rule, the jurisdictional requirement would be met in any case where the Plaintiff did not specify damages. This contradicts the established precedent that where the complaint is silent as to damages, it is the removing party's burden to show that it is more likely than not that, should Plaintiff prevail on all her claims, judgment would be for more than $75,000. *Matheson*, 319 F.3d at 1090. Here, Defendant fails to even speculate as to the amount of punitive damages, damages for emotional distress, and attorneys' fees to which Plaintiff would be entitled if Plaintiff were to prevail. Defendant does not point to awards of punitive damages or attorneys' fees in other similar cases to support its claim as to the probable or potential size of such an award.

Defendant's unsupported allegation that Plaintiff seeks damages in excess of $75,000 is insufficient to establish that it is more likely than not that the amount in controversy requirement has been satisfied in order to vest this Court with subject matter jurisdiction. Because Defendant has failed to meet its burden to establish, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, the Court remands this action.

III.     <u>RULING</u>

For the foregoing reasons, the Court **REMANDS** this case to Ventura County Superior Court. This action shall close.

IT IS SO ORDERED.

vpc